IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOSEPH MARTINEZ,<br><br>    Petitioner,<br><br>  vs.<br><br>SILVIA GARCIA, Warden,<br><br>    Respondent.<br>_____/ | No. C 03-3616 0 WHA (PR)<br><br>**DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

    This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. As grounds for habeas relief, petitioner asserts that his trial counsel was ineffective because she failed to (1) ask a specific judge to accept a change of plea and impose a nine year sentence; (2) advise petitioner, with "specific detail," of the choices available to him; and (3) obtain petitioner's express decision regarding the plea offer. For the reasons set forth below the petition is **DENIED**.

### STATEMENT

    A jury convicted petitioner of being a felon in possession of a firearm. *See* Cal. Penal Code § 12021.1. He was found to have two prior serious felony convictions, so was sentenced to twenty-five years to life in state prison under California's Three Strikes Law.

### DISCUSSION

A. *Standard of review*

    A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's

adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2001), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination

will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion, in this case that of the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

B.  *Legal Claims*

All of petitioner's claims center on his decision to forego a guilty plea and proceed to trial. Petitioner claims that his trial counsel was ineffective in failing to ask the trial judge to accept a change of plea, not adequately explaining his options to him, and not obtaining his decision regarding the plea offer. These claims turn on the sequence of events, and, as explained below, cannot succeed if events were as the Superior Court found after its hearing in petitioner's state habeas case.

The following facts are taken from the opinion of the Court of Appeal of California, where the issue was whether the trial court had erred in denying petitioner's motion for new trial, a motion filed by new counsel which was based on the alleged ineffectiveness of trial counsel. The recitation is of the facts as they were known at the time the Court of Appeal affirmed petitioner's conviction.

Lezly Crowell, petitioner's trial counsel, began representing petitioner prior to his preliminary hearing. Initially, petitioner's case was before Judge Dean Beaupre. While the case was in Judge Beaupre's court, the prosecutor offered petitioner a nine year sentence in exchange for his guilty plea. Crowell informed petitioner of the charges against him, the maximum penalty if convicted at trial, and the prosecutor's plea offer. Petitioner declined to accept the plea offer.

The case was then assigned to Judge Alfred Delucchi for trial. Prior to trial, Judge Delucchi, Crowell, and petitioner had an off-record discussion in Judge Delucchi's chambers. During this discussion, Judge Delucchi told petitioner that he should take the nine-year offer,

3

but petitioner declined.

Prior to trial, petitioner asked Crowell to go back to Judge Beaupre and ask him "if the nine-year deal was still available." (Exh. 11 at 4). The Court of Appeal noted that it was unclear *when* petitioner asked Crowell to go speak to Judge Beaupre, so for purposes of decision assumed it was after petitioner had told Judge Delucchi he was unwilling to accept the plea bargain. That is, the Court of Appeals adopted for purposes of decision what seems the most logical explanation of the sequence of events, that after rejecting Judge Delucchi's suggestion that he take the offer, petitioner had second thoughts and for some reason thought it better to see if Judge Beaupre would intervene. Judge Beaupre informed Crowell that the case was no longer in his court and there was nothing he could do. The case then proceeded to trial.

The motion for new trial was denied, the court holding that counsel was not ineffective and that, if she was, there was no prejudice.

On direct appeal the California Court of Appeal found that the trial court had "strongly encouraged" petitioner to accept a nine year sentence in exchange for his guilty plea (Exh. 11 at 6). Additionally, the court concluded that petitioner's experience in the criminal justice system gave him the tools to know whether or not he was being offered a good deal (*Id.*). The Court of Appeal held, therefore, that petitioner would have declined the plea offer regardless of his counsel's performance and so had not made the showing of prejudice necessary for an ineffective assistance of counsel claim (Exh. 11 at 6-7).

Petitioner had filed a state petition for habeas corpus with the appeal, and at the time it decided the appeal, the Court of Appeal issued an order to show cause, returnable to the Alameda County Superior Court, on the issue of why petitioner's conviction "should not be set aside on the ground that he received ineffective assistance because his trial counsel, Lezly Crowell, failed to ask Judge Alfred Delucchi to accept her client's change of plea and to impose the nine year sentence that had been offered, after Judge Beaupre declined to do so." (Exh. 12).

At the hearing on the state petition, Crowell testified that when the prosecutor offered nine years at an informal conference in Judge Beaupre's chambers, before the case had been assigned for trial, she did not think it was a "fair" offer, and that "the judge didn't either. He

thought maybe six, and he kind of argued with the district attorney." (Exh.4 at 4). She also testified that Judge Delucchi encouraged petitioner to take the offer, apparently assuming it was still open or that it would be reopened, that she then checked with Judge Beaupre who told her it was no longer his business, and, most importantly, that Judge Delucchi renewed his advice to take the offer, and promised that if petitioner would plead guilty he would sentence him to no more than nine years, *after* she returned from seeing Judge Beaupre (Exh. 4 at 4-11, 20).

The Superior Court found that Judge Delucchi's nine year offer was made directly to petitioner after Crowell had informed petitioner of her conversation with Judge Beaupre (Exh. 4 at 32-34). Petitioner declined the plea and chose to proceed to trial (*Id*). The court held, therefore, that Crowell's failure to ask Judge Delucchi to accept a change of plea could not have been ineffective assistance of counsel, because it would have been "absolutely unnecessary under the circumstance." (Exh. 4 at 33).

In order to prevail on an ineffective assistance of counsel claim a petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court addressing a claim of ineffective assistance need not determine whether counsel's performance was deficient prior to examining whether any prejudice was suffered as the result of the alleged deficiencies. *Id.* at 697. A petitioner seeking to show prejudice related to his rejection of a plea offer must show that there is a reasonable probability that, but for counsel's errors, he would have accepted the plea offer. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

Both the California Court of Appeal and Alameda County Superior Court found that trial counsel's deficiencies, if any, did not affect petitioner's decision to reject the plea offers and proceed to trial. The evidence was that the plea offers were made directly to petitioner by the trial court, that the trial court encouraged petitioner to accept them, and that petitioner had ample experience to know whether or not these offers were worth consideration. Given this evidence, the state courts reasonably concluded that petitioner would have rejected the plea offers regardless of his trial counsel's performance. Although the sequence of events seems

5

inexplicable, that is not sufficient to overcome the actual evidence, much less to establish that the state courts' decisions were unreasonable.

The state appellate courts' rejection of this claim was not contrary to, nor an unreasonable application of, clearly established United States Supreme Court authority, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 21, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.03\MARTINEZ616.RUL