UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2008

MOLLY DWYER, ACTING CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL J. MARTINEZ,<br><br>Petitioner - Appellant<br><br>v.<br><br>SILVIA H. GARCIA,<br><br>Respondent - Appellee | No. 06-15748<br>D.C. No. CV-03-03616-WHA<br><br><br>MANDATE **FILED**<br><br>MAR 3 1 2008<br><br>**RICHARD W. WIEKING**<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

The judgment of this Court, entered 1/4/08, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly Dwyer
Acting Clerk of Court

By: Synitha Fuller
Deputy Clerk



**FILED**

JAN 04 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL J. MARTINEZ,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>SILVIA H. GARCIA, Warden,<br><br>    Respondent - Appellee. | No. 06-15748<br><br>D.C. No. CV-03-03616-WHA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, Distict Judge, Presiding

Argued and Submitted August 14, 2007
San Francisco, California

Before: O'SCANNLAIN, HAWKINS, and WARDLAW, Circuit Judges.

Paul Martinez appeals the district court's denial of his habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel. Martinez asserts trial counsel was inadequate for (1) failing to ask the trial judge to accept a change of plea, after the calendar judge declined to do so because the

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

case was no longer assigned to his courtroom; and (2) failing to evaluate and explain Martinez's options regarding the prosecution's plea offer and possibility of success at trial. Because Martinez's claims do not warrant habeas relief under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we affirm.

Martinez is entitled to relief only if we find that the last reasoned state court decision rejecting his claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Findings of fact made by the state court are presumed correct unless Martinez rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003). We review the district court's denial of the petition de novo. *See Arredondo v. Ortiz*, 365 F.3d 778, 781 (9th Cir. 2004).

Clearly established federal law permits habeas relief for ineffective assistance of counsel only where counsel's performance was deficient, resulting in prejudice to the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 693 (1984). To establish deficiency, a petitioner must point to the acts or omissions

that rendered the representation objectively unreasonable. *See id.* at 690. To demonstrate prejudice, the petitioner must show that but for the deficient performance, there is a reasonable probability that the result of the proceedings would have been different. *See id.* at 694. However, federal habeas review of an ineffective assistance of counsel claim is "doubly deferential." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). We may not grant relief based on an "independent judgment" that the state court applied *Strickland* incorrectly. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Rather, pursuant to AEDPA, we must find that the state court applied *Strickland* to the facts of the case in an "objectively unreasonable" manner. *Id.* at 699.

The California Court of Appeal consolidated Martinez's direct appeal with his state habeas petition, and issued an opinion and an order. The opinion affirmed the judgment of the trial court. The Court of Appeal then ordered the government to show cause before the Alameda County Superior Court why Martinez's conviction should not be set aside on the ground that he received ineffective assistance of counsel when his trial counsel failed to ask the trial judge to accept a change of plea, after the calendar judge declined to do so. In all other respects—including the claim that assistance was ineffective because counsel failed to adequately evaluate and explain Martinez's options regarding the

3

prosecution's plea offer and possibility of success at trial—the Court of Appeal denied the petition. After holding an evidentiary hearing on the order to show cause, the Superior Court found no ineffective assistance based on counsel's failure to ask the trial judge to accept a change of plea, and accordingly denied the remaining ground for habeas relief.

In conducting review of a state court decision, we "look to the last reasoned state-court decision." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003); *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). We cannot say that the Superior Court decision, the last reasoned state court decision as to Martinez's claim that counsel was ineffective by failing to ask the trial judge to accept a change of plea, was contrary to or involved an objectively unreasonable application of *Strickland*, or was based on an unreasonable determination of the facts in light of the evidence. The Superior Court found counsel was not ineffective because she "failed to do something which was absolutely unnecessary under the circumstance[s]," crediting counsel's testimony that after she spoke with the calendar judge, the trial judge once again asked Martinez if he wanted to take the nine-year offer, and Martinez again declined to accept it. In other words, Martinez was not prejudiced by the error, if any. Martinez does not offer clear and convincing evidence to rebut these findings.

The same holds true for the claim that Martinez was afforded ineffective assistance because of counsel's alleged failure to adequately evaluate and explain Martinez's options regarding the prosecution's plea offer and possibility of success at trial. Although the Court of Appeal summarily denied the state habeas petition with respect to all remaining claims, in its opinion on Martinez's direct appeal, which is the last reasoned state decision on Martinez's second claim, the Court of Appeal found that "trial counsel's inadequacies, if any, failed to prejudice" Martinez. The court found that Martinez, who "had a long criminal history[,] . . . must have known that the nine year bargain was a good deal. More critically, the trial court itself had strongly encouraged [Martinez] to accept the plea bargain, but [Martinez] declined to do so." The Court of Appeal's conclusion—that even if trial counsel had adequately evaluated the plea agreement and Martinez's options, Martinez was not prejudiced—is not objectively unreasonable in light of its factual determinations, which again Martinez fails to rebut.

**AFFIRMED.**

INTERNAL USE ONLY: Proceedings include all events.
06-15748 Martinez v. Garcia

PAUL J. MARTINEZ                    Paul J. Martinez
    Petitioner - Appellant      J-09700, 13-232U
                                    [NTC prs]
                                    MCSP - MULE CREEK STATE PRISON
                                    "C" Yard
                                    P.O. Box 409060
                                    Ione, CA 95640-9060

                                    Peter F. Goldscheider, Esq.
                                    650/323.8296
                                    Suite 250
                                    [COR LD NTC cja]
                                    438 Cambridge Avenue
                                    Palo Alto, CA 94306


  v.

SILVIA H. GARCIA, Warden            Jeffrey M> Laurence, Esq.
    Respondent - Appellee        FAX 415/703-1234
                                    415/703-5897
                                    Suite 11000
                                    [COR LD NTC dag]
                                    AGCA - OFFICE OF THE CALIFORNIA
                                    ATTORNEY GENERAL (OAKLAND)
                                    1515 Clay St.
                                    Oakland, CA 94612

                                    Ross C. Moody, Esq.
                                    FAX
                                    415/703-1234
                                    Ste. 11000
                                    [NTC]
                                    AGCA - OFFICE OF THE CALIFORNIA
                                    ATTORNEY GENERAL
                                    455 Golden Gate Ave.
                                    San Francisco, CA 94102